UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60873-CIV-COHN

UNION PACIFIC RAILROAD CO.,

Magistrate Judge Snow

    Plaintiff,

vs.

PARAGON LABORATORIES, INC., et. al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE is before the Court upon Defendants' David Rossner and Group Chemical Limited, Inc.'s Motion to Dismiss Amended Complaint [DE 144], Defendants Goldstar Products, Inc., T.D.R.S. Properties, Inc., Safety & Health Municipal Supplies, Inc., Sachem Safety Products, Inc., and Michael Sheehan's Motion to Dismiss Counts 15 through 36 of Amended Complaint [DE 155], Defendants Mark Zimmerman, Industrial Chem Enterprise, Inc., Ronald Camillo and Ron Camillo Corp.'s Notice of Joinder in Motion to Dismiss [DE 154], and Defendants Cyn-Lex, Inc. Cynthia Gentner and Granite Industries, Inc.'s Notice of Joinder in Motion to Dismiss [DE 151]. The Court has carefully considered the motions, response and reply thereto, and is otherwise fully advised in the premises.[1] The last motion became ripe on November 20, 2006.

### I. BACKGROUND

Plaintiff initially failed an 176 page complaint against 29 different defendants. In

---

[1] The Goldstar Defendants filed a reply brief while the Rossner Defendants did not.

response to the initial complaint, several Defendants filed the motions listed above. In general, these motions assert that the initial complaint failed to allege fraud and RICO claims with particularity, and sought to sever claims against the various groups of companies as no nexus between all the companies was alleged.

In response to these motions, Plaintiffs decided to file an Amended Complaint. The Amended Complaint added additional language to the second paragraph of each claim regarding the particular acts alleged to have occurred that support the particular claim. In addition, Plaintiff attached Exhibit A to the Amended Complaint, which lists the specific transactions that support its claims, with dates, dollar amounts, and the identity of Plaintiff's employee that was contacted for each sale. The Court denied the motions to dismiss the initial Complaint based upon these additional allegations and the exhibit. The present motions to dismiss the Amended Complaint followed.[2]

## II.  DISCUSSION

The Rossner Defendants assert in their motion to dismiss Amended Complaint that: 1) Plaintiff has filed to plead the fraud and RICO claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure; 2) a RICO conspiracy claim cannot be maintained due to the intracorporate conspiracy doctrine, which states that a corporate officer cannot conspire with the corporation; 3) the statute of limitations for the RICO claims has run; and 4) an unjust enrichment claim cannot be maintained as the complaint alleges wrongdoing by Defendants. The Goldstar Defendants make

---

[2] The Court separately ordered a response by Plaintiff to the motion to sever. The Court denied the various motions to sever on November 1, 2006 [DE 165]. To the extent the motions to dismiss the Amended Complaint reargue the severance/joinder issues, the Court incorporates by reference its Order of November 1, 2006, and denies the motions to dismiss on improper joinder grounds.

similar arguments, in addition to the assertion that since certain transactions are alleged to be for chemical products, and not retail office-cleaning products, they are outside the scope of the Telemarketing Act.

### A.  Motion to Dismiss Standard

In the motions to dismiss, Defendants assert that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.  It is long settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover.  Cramer v. Florida, 117 F.3d 1258, 1262 n. 8 (11th Cir. 1997); see also Marsh, 268 F.3d at 1023; Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

### B.  Fraud Claims

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b).  The particularity requirement of Rule 9(b) serves an important purpose in fraud actions by "alerting defendants to the precise misconduct with which they are charged and protecting spurious charges of immoral and fraudulent behavior." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted).  The application of Rule 9(b), however, must not abrogate the concept of notice pleading under the federal rules.  Id.; Friedlander v. Nims, 755 F.2d 810, 813

n.2 (11th Cir. 1985) ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading.").

The Eleventh Circuit stated in Ziemba that: "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  256 F.3d at 1202 (quotations and citations omitted); U. S. ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002).  Allegations of date, time, or place satisfy the requirement of Rule 9(b) that the circumstances of the fraud be alleged with particularity, but alternative means are also available to satisfy the rule.  Durham v. Business Management Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

Defendants argue that Plaintiff has completely failed to identify which defendants made what statements and where the particular "victims" were located.  As previously noted, Plaintiffs allege a variety of specific types of sales pitches in the Amended Complaint.  (Am. Compl., ¶¶ 34-51).  In addition, Exhibit A to the Amended Complaint contains the precise dates, amounts and names of the Plaintiff's employees who were contacted on those dates by the particular Defendant.  Contrary to Defendants' contentions, Plaintiff did not admit that it had no knowledge of the contents of the various Defendants' statements, rather, Plaintiff has alleged the various types of

particular sales pitches made, though not the actual words used during each sale. These allegations, combined with the information in Exhibit A provide sufficient particularity of the range of content of the sales pitches alleged to be actionable. The information provided in Exhibit A in turn should allow Defendants to review their own records or interview their own employees to identify which of their employees made which calls alleged in the Amended Complaint.

Rule 9(b) does not require a verbatim recital of the alleged misrepresentation, nor the specific identity of the speaker, where alternative means are also available to satisfy the rule. This Court concludes that the Amended Complaint provides sufficient particularity to survive a motion to dismiss.

### C.  RICO Claims

Defendants make several RICO arguments, particularly that the intracorporate conspiracy doctrine defeats the RICO claims in the Amended Complaint, that Plaintiffs have failed to allege sufficient structure and goals apart from the fraud, and that certain claims are barred by the statute of limitations. The intracorporate conspiracy doctrine "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000). However, in McAndrew the Court also held that the criminal conspiracy exception to the intracorporate conspiracy doctrine applies to claims under 42 U.S.C. Section 1985. In Kirwin v. Price Communications Corp., 391 F.3d 1323, 1327 (11th

Cir. 2004), the Eleventh Circuit held that the intracorporate conspiracy doctrine cannot be invoked to defeat a RICO claim under § 1962(d).  That decision would appear to apply to this case, and therefore the Defendant's arguments to dismiss due to the inability to conspire with one's own corporation is rejected.

Defendants also argue that Plaintiff has failed to allege all the elements of a RICO claim.  In order to prove any RICO violation, Plaintiff must prove the existence of an "enterprise" and a "pattern of racketeering activity."  18 U.S.C. § 1962; Beck v. Prupis, 162 F.3d 1090 (11th Cir. 1998), *aff'd*, 529 U.S. 494 (2000).  A "pattern of racketeering activity" requires the plaintiff to establish "at least two acts of racketeering activity."  18 U.S.C. § 1961(5); Republic of Panama, 119 F.3d at 948.  In addition,  "a pattern of racketeering activity requires proof of something beyond the two predicate acts themselves. That something is the threat of continuing racketeering activity." Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1265 (11th Cir. 2004) (quoting Jones v. Childers, 18 F.3d 899, 912 (11th Cir.1994)). When mail or wire fraud are alleged as the predicate acts that are indictable as racketeering activity, as in the instant case, a plaintiff must allege facts sufficient to support the element of intentional misrepresentation that is part of a "scheme to defraud."  Beck, 162 F.3d at 1095.

Whether phrased as "structure and goals" or an "enterprise," this Court concludes that Plaintiff has plead the existence of culpable persons in each count of the Amended Complaint who committed more than two acts of mail or wire fraud through an enterprise involved in interstate commerce.  Thus, the RICO claims are sufficient to survive a motion to dismiss.

Defendants also move to dismiss parts of the he RICO claims based upon the

6

statute of limitations. The statute of limitations under RICO is four years from the date the plaintiff knew they were injured. Pacific Harbor Capital, Inc. v. Barnett Bank, N.A., 252 F.3d 1246, 1251 (11th Cir. 2001). Defendants point out that some of the transactions in Exhibit A date back to October 6, 1998. Plaintiffs argue that the Amended Complaint alleges that Plaintiff did not become aware of the scheme until four years prior to filing suit. The resolution of this issue is a factual determination that cannot be resolved on a motion to dismiss. After discovery, if challenged by a motion for summary judgment, Plaintiff will need to present evidence that it did not discover the scheme and the extent of the transactions within the scheme until less than four years from filing of the initial Complaint.

### D. Unjust Enrichment

Defendants assert that an unjust enrichment claim cannot be maintained as the complaint alleges wrongdoing by Defendants. Unjust enrichment is an equitable claim containing the following elements: "(1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for the value thereof to the plaintiff." Peoples National Bank of Commerce v. First Union National Bank of Florida, N.A., 667 So.2d 876, 879 (Fla. 3rd DCA 1996). Defendants cite to State of Fla., Office of Atty. Gen., Dept. of Legal Affairs v. Tenet Healthcare Corp., 420 F.Supp.2d 1288 (S.D.Fla. 2005), in which the District Court dismissed an unjust enrichment claim under similar circumstances. The Court stated that: "[l]iability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when

should be in another person's." 420 F.Supp.2d at 1309 (citing <u>Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd.</u>, 329 F.3d 1241, 1245 n. 3 (11th Cir.2003)).

In the present case, the Amended Complaint states within each unjust enrichment claim that Defendants "wrongfully accepted and retained the windfalls and benefits" from their statements and representations that Defendants knew, or should have known, were false.  Am. Compl., Counts 1, 5, 9, 15, 20, 25, 30, 37, 42, 49, 54, 65, 69, 75, 83, 89, and 96.  While the Court agrees with Plaintiff that pleading in the alternative is an accepted practice, Plaintiff's attempt to distinguish <u>Tenet</u> fails as the Court in <u>Tenet</u> did not appear to rest its decision on a failure to separate the RICO claims from the unjust enrichment claims.  Even though the claims are pled separately, the manner in which Plaintiff has pled its unjust enrichment claims for wrongful action in this action render such claims invalid.  Therefore, the Court will dismiss the claims for unjust enrichment in Counts 5, 15, 20, 25, 30, 37, 42, 75, and 83[3] for the same reasons discussed in <u>Tenet</u>.

### III.  CONCLUSION

The only remaining issue is the Goldstar Defendants assertion that the counts alleging violations of the Telemarketing Rule must be dismissed because the Amended Complaint alleges that "chemical products" were included among the products sold via telemarketing.  E.g. Am. Compl., § 216.  The Goldstar Defendants assert that such products are outside the scope of the Rule.  In response, Plaintiffs assert that the same

---

[3] The Court notes that Defendants in the other unjust enrichment counts filed Answers, even though some later joined in the motion to dismiss.  See Count 1 (Paragon),  9 (Group Chemical Supply), 49 (University Research), 54 (Industrial Chem Enterprise), 65 (Suntrust Chemical Corp.), 69 (K.A.P.S. Chemicals), 89 (Ron Camillo Corp.) and 96 (A-Jem Industries).

allegations include "cleaning products and lubricants," which do fall under the Rule, and therefore the claims should not be dismissed in their entirety.

The Court concludes that it will not dismiss the Telemarketing Rule claims at this time. Whether upon summary judgment or at trial in this action, ultimately Plaintiff will have to prove that violations of the Telemarketing Rule involved products covered under the Rule, and will not receive recovery for those products outside the Rule's scope. At this time, however, it is premature to grant a motion to dismiss as to those claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' David Rossner and Group Chemical Limited, Inc.'s Motion to Dismiss Amended Complaint [DE 144] is hereby **GRANTED in part** and **DENIED in part**;

2. Defendants Goldstar Products, Inc., T.D.R.S. Properties, Inc., Safety & Health Municipal Supplies, Inc., Sachem Safety Products, Inc., and Michael Sheehan's Motion to Dismiss Counts 15 through 36 of the Amended Complaint [DE 155] is **GRANTED in part** and **DENIED in part**;

3. Counts 5, 15, 20, 25, 30, 37, 42, 75, and 83 are hereby **DISMISSED**;

4. The Defendants' Answers shall be due by January 5, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of December, 2006.

JAMES I. COHN
United States District Judge

copies to:   all counsel

9